IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARY ANNA BABICH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| -vs- | ) |
| | ) Civil Action No. 06-1502 |
| | ) |
| MANAGEMENT and TECHNICAL RESOURCES, | ) |
| INC., a corporation, ANDREW CONTREAL, | ) |
| individually, WILLIAM ZELI, individually, | ) |
| and GORDON O'TOOLE, individually, | ) |
| | ) |
| Defendants. | ) |

AMBROSE, Chief District Judge.

## OPINION and ORDER OF COURT

### SYNOPSIS

Plaintiff filed retaliation claims under Title VII and the Pennsylvania Human Relations Act ("PHRA") as well as a claim for wrongful termination against her former employers, contending that they terminated her employment after she complained of sexual harassment by a customer. The Defendants seek the dismissal of all claims for myriad reasons. I agree that the Title VII claim must be dismissed as against the individual defendants, but conclude that Plaintiff has satisfied the pleading requirements with respect to the exhaustion of administrative remedies. I also find that whether the employer has fifteen or fewer employees, and is thus subject to liability under Title VII, is a matter to be resolved after discovery. The PHRA claim will

1

go forward against only the employer but the demand for punitive damages is inappropriate.  Finally, the claim for wrongful termination is untimely because it is barred by the statute of limitations.

<u>OPINION</u>

Plaintiff Mary Ann Babich ("Babich") was a 31% shareholder, officer, employee and director of Defendant Management and Technical Resources, Inc. ("MTR"), an environmental consulting firm.  She contends that a consultant retained by one of MTR's customers with whom she worked repeatedly made unwanted and offensive sexual comments to her.  She informed Defendants Andrew Contrael and Gordon O'Toole of MTR of the offensive comments and claims that her opportunities at work were thereafter negatively affected.  She was asked to voluntarily resign from her position with MTR, which she refused,  and on May 7, 2004, Babich was advised by her attorney that she was being terminated as a shareholder, director and officer of MTR. <u>See</u> Complaint, ¶ 58.

Thereafter she filed a claim with the Equal Employment Opportunity Commission ("EEOC") alleging that, while working with the customer, she had been subject to both *quid pro quo* and hostile work environment sexual harassment. <u>Id</u>., ¶ 55.  The EEOC ultimately dismissed the complaint on September 29, 2004 because of a lack of an employee/employer relationship. <u>Id</u>., ¶ 56.  Babich then commenced this suit asserting claims under Title VII, 42 U.S.C. § 2000e et seq., and the PHRA, 43 P.S. § 951, as well as a claim for wrongful termination.  Essentially, Babich contends that she was discharged in retaliation for having complained of sexual harassment. She

2

names as Defendants MTR, Contrael, O'Toole and William Zeli.[1]

The Defendants have filed a Motion to Dismiss the Complaint. See Docket No. 4.  With respect to the Title VII claim which is the basis for this Court's exercise of jurisdiction, the Defendants urge that Babich has not adequately plead exhaustion of administrative remedies; that she cannot impose liability upon the Individual Defendants; and that relief under Title VII is unavailable because MTR does not have at least fifteen employees.  With respect to the PHRA claim, the Defendants again raise an exhaustion argument and ask as well that the demand for punitive damages be stricken as the PHRA does not permit the imposition of punitive damages. Finally, with respect to the claim for wrongful termination, the Defendants urge that the claim is preempted by the PHRA and that it is untimely and that the facts alleged do not support the imposition of punitive damages.

For the reasons set forth below, the Motion is granted in part and denied in part.

## Standard of Review

In deciding a Motion to Dismiss, all factual allegations, and all reasonable inferences therefrom, must be accepted as true and viewed in a light most favorable to the plaintiff. Colburn v. Upper Darby Twp., 838 F.2d 663, 666 (3d Cir. 1988), cert. denied, 489 U.S. 1065 (1988).  I may dismiss a complaint only if it appears beyond a reasonable doubt that the plaintiff can prove no set of facts in support

---

[1] Although Babich does not specifically identify them as such, the Court presumes that Contrael, O'Toole and Zeli are MTR employees.

3

of his claims which would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45 (1957). In ruling on a motion for failure to state a claim, I must look to "whether sufficient facts are pleaded to determine that the complaint is not frivolous, and to provide the defendants with adequate notice to frame an answer." Colburn, 838 F.2d at 666.

While a court will accept well-pleaded allegations as true for the purposes of the motion, it will not accept legal or unsupported conclusions, unwarranted inferences, or sweeping legal conclusions cast in the form of factual allegations. See Miree v. DeKalb County, Ga., 433 U.S. 25, 27 n.2 (1977). Moreover, the plaintiff must set forth sufficient information to outline the elements of his claims or to permit inferences to be drawn that these elements exist. See Fed. R. Civ. P. 8(2)(a) and Conley, 355 U.S. at 45-46. Matters outside the pleadings should not be considered. This includes "any written or oral evidence in support of or opposition to the pleadings that provides some substantiation for and does not merely reiterate what is said in the pleadings." Charles A. Wright and Arthur R. Miller, Federal Practice and Procedure, § 1366 (West 1990).

ANALYSIS

I. Count I - Title VII

The Defendants urge that Babich has not adequately plead exhaustion of administrative remedies. Significantly, the Defendants do not argue that Babich did not actually engage in the administrative process. Indeed, the Defendants concede that "Babich did institute an EEOC proceeding against MTR... ." See Docket No. 5, p. 4 n. 2. As such, I find this argument to be specious. Babich states that she has

satisfied all jurisdictional prerequisites, she references that section of Title VII which requires her to engage in the administrative process and the Defendants themselves concede that she filed an EEOC charge against MTR.   Consequently, I reject this argument.

I do, however, agree with the Defendants that Title VII does not permit the imposition of liability upon individuals. See Sheridan v. E.I. DuPont DeNemours and Co., 100 F.3d 1061 (3d Cir. 1996).  Babich herself concedes as much and indicates that she does not intend to pursue the Title VII claim against the Individual Defendants.

Finally, the Defendants urge that Babich's Title VII claim must be dismissed because she failed to plead that MTR employed a minimum of fifteen people during the relevant period of time and because MTR did not, in fact, employ  a minimum of fifteen people during the relevant period of time.   As to the first contention, Babich is required only to satisfy the notice pleading requirements of Rule 8 of the Federal Rules of Civil Procedure.  She has done so. To the extent that MTR challenges whether or not it employed the requisite number of people, this is a matter better left to resolution following discovery. See Christaldi-Smith v. JDJ, Inc., 367 F. Supp.2d 756, 762 (E.D. Pa. 2005) (denying a motion to dismiss a Title VII claim based upon the employer having fewer than fifteen employees because "withholding judgment on this issue until the summary judgment stage allows the plaintiff an opportunity for discovery to test the defendants' proofs."). Consequently, the Motion to Dismiss is

denied in this respect without prejudice to reassert following discovery.[2]

## II. *Count II - PHRA*

Count II sets forth a claim under the PHRA.  The Defendants raise the same exhaustion argument.  For the reasons set forth above, I find this argument, at least insofar as it pertains to MTR, to be specious and I reject it for that reason.

Further, Babich has made clear in her Brief in Opposition that she does not intend to assert PHRA claims against the Individual Defendants and that she will withdraw her demand for punitive damages under the PHRA.  Consequently, I need not address the Defendants' arguments in these respects.

## III. *Count III - Wrongful Termination*

In Count III, Babich sets forth a claim for wrongful termination.  Specifically, she contends that she "was discharged by the Defendants as a direct and proximate consequence of her complaints of sexual harassment." See Complaint, ¶ 68.  The Defendants argue that her claim must be dismissed both because it is preempted by the PHRA and because it is untimely.  Because the Complaint reveals, on its face, that the claim is untimely, the Motion to Dismiss is granted on this ground and I need not address the issue of preemption.

In her Complaint, Babich states that her attorney was advised on May 7, 2004 that she was being terminated as a shareholder, director and officer of MTR.  Babich did not commence this litigation until November 9, 2006.  The statute of limitations

---

[2] If the parties so desire, I would be amenable to entertaining a request for a limited period of initial discovery on the issue of the number of employees, followed by, if appropriate, a dispositive motion. The parties should craft their Rule 26(f) report to reflect any such desire.

governing a claim for wrongful termination under Pennsylvania law is two years. See 42 P.S. §5524 and Raleigh v. Westinghouse Elec. Corp., 379 Pa. Super. 606, 550 A.2d 1013 (1988).   A cause of action for wrongful termination accrues when he or she knows or has reason to know of the injury which is the basis for the action. See Kuhn v. Oehme Carrier Corp., 255 F. Supp.2d 458, 467 (E.D. Pa. 2003).   Based upon the allegations in the Complaint, Babich knew or had reason to know of the injury on May 7, 2004 and thus the two year statute of limitations would have expired six months before she filed her Complaint.

Babich does not dispute when her cause of action accrued, or when the statute of limitations would have expired absent tolling.  Instead, in two sentences, and without any citation to case law or any substantive analysis of the issue, Babich argues that the statute of limitations should be tolled because she was engaged in the administrative process.  First, I decline to consider this argument because Babich did not plead tolling in her Complaint.  Second, and more importantly, I decline to consider this argument given that Babich failed to provide this Court with any meaningful analysis of this issue.  It is not the Court's function to research and develop a party's argument.  Third, and finally, a brief review of case law indicates that federal district courts in this Circuit have consistently held that the "pendency of a discrimination charge before the PHRC or EEOC does not toll the statute of limitations for related Pennsylvania state tort claims." Burlingame v. Pretium Packaging, 2006 WL 2302375 at * 5 (M.D. Pa. Aug. 8, 2006), citing, Hartman v. Sterling, Inc., 2003 U.S. Dist. LEXIS 9081 at * 12 (E.D. Pa. 2001); Vaughan v. Pathmark Stores, Inc.,

1999 U.S. Dist. LEXIS 6698 (E.D. Pa. 1999); Mincin v. Shaw Packing Co., 989 F. Supp. 710 (W.D. Pa. 1997).  Consequently, the Motion to Dismiss the wrongful termination claim is granted and I need not address the punitive damages argument.

* * * * * * * * * * * * * * * * * * * * * * * *

ORDER OF COURT

AND NOW, this   **9th**   day of March, 2007, after careful consideration, and for the reasons set forth in the accompanying Opinion, the Motion to Dismiss (Docket No. 4) is granted in part and denied in part.  The only remaining claims are the Title VII and PHRA claims asserted against Defendant MTR. All other claims have been dismissed.

Counsel are also directed to comply with the Rule 16 Scheduling Order (Docket No. 6) that was filed on February 16, 2007.

BY THE COURT:

/S/   Donetta W. Ambrose

Donetta W. Ambrose,
Chief U. S. District Judge