IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

Mary Anna Babich, )
       Plaintiff, )
vs. ) Civil Action No. 06-1502
Management and Technical Resources, Inc. )
       Defendant. )

AMBROSE, Chief District Judge

# OPINION AND ORDER OF COURT

Plaintiff, Mary Anna Babich ("Babich"), initiated this action against her former employer, Defendant, Management and Technical Resources, Inc. ("Defendant" or "MTR"), alleging retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* ("Title VII") and the Pennsylvania Human Relations Act, 43 P.S. § 951, *et seq.* ("PHRA").[1] Plaintiff contends that Defendant terminated her employment after she complained of sexual harassment by a customer.

Pending before the Court are cross motions for summary judgment addressing the sole issue of whether MTR had the requisite number of employees during the relevant time period to be subject to liability under Title VII. Plaintiff's motion seeks summary judgment in her favor as to this issue. (Docket No. 26). Defendant's motion seeks summary judgment in its favor and dismissal of Plaintiff's claims in their entirety. (Docket No. 14). After careful consideration of the

---

[1] All other claims Plaintiff asserted were dismissed or voluntarily withdrawn by Plaintiff during proceedings on Defendant's Motion to Dismiss. See Order of Court dated March 9, 2007 (Docket No. 8).

1

parties' submissions and for the reasons set forth below, Plaintiff's Motion for Summary Judgment is denied and Defendant's Motion for Summary Judgment is granted.

## I. **FACTUAL AND PROCEDURAL BACKGROUND**

Unless otherwise indicated, the following material facts are undisputed.

Plaintiff was a 31% shareholder, officer, employee, and director of MTR, an environmental consulting firm. She contends that a consultant retained by one of MTR's customers with whom she worked repeatedly made unwanted and offensive sexual comments to her. She further alleges that she informed MTR of the offensive comments and that, thereafter, her opportunities at work were negatively affected. Plaintiff avers that, on or about May 7, 2004, MTR ultimately discharged her in retaliation for complaining about sexual harassment. MTR admits that it terminated Plaintiff's employment on or about that date, but denies any retaliatory motive.

On November 9, 2006, Plaintiff filed a Complaint against Defendant. (Docket No. 1). On February 12, 2007, Defendant filed a Motion to Dismiss Plaintiff's Complaint. (Docket No. 4). Plaintiff opposed the Motion to Dismiss (Docket No. 7), and, on March 9, 2007, I issued an Order granting in part and denying in part the Motion. (Docket No. 8). The only claims remaining following my March 9, 2007 Order were Plaintiff's Title VII and PHRA retaliation claims. See id. Although Defendant argued in its Motion to Dismiss that it lacked the requisite number of employees to be subject to Title VII liability, I denied this portion of Defendant's Motion on the grounds that this was a matter better left for resolution following discovery. Id. Defendant answered Plaintiff's Complaint on April 5, 2007. (Docket No. 10).

During a Case Management Conference on April 19, 2007, the parties again raised the employee-numerosity issue. At that conference, I allowed a period of discovery limited to the number of Defendant's employees, after which the parties could file dispositive motions on the issue. (Docket No. 12). On June 9, 2007, Defendant filed the instant Motion for Summary

Judgment and supporting materials, arguing that Plaintiff cannot show that Defendant had fifteen or more employees as required by Title VII. (Docket Nos. 14-15, 17-18). Plaintiff did not file a brief in opposition to Defendant's Motion or a counterstatement of material facts. Plaintiff, however, filed her own Motion for Summary Judgment and supporting materials seeking judgment as a matter of law that Defendant had the requisite number of employees under Title VII. (Docket Nos. 23-26). Defendant filed a Response to Plaintiff's Statement of Facts and a Brief in Opposition to Plaintiff's Motion. (Docket Nos. 27-28). Both Motions are now ripe for my review.

## II. LEGAL ANALYSIS

### A. Standard of Review

Summary judgment may only be granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). Rule 56 mandates the entry of summary judgment, after adequate time for discovery and upon motion, against the party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

In considering a motion for summary judgment, this Court must examine the facts in a light most favorable to the party opposing the motion. Int'l Raw Materials, Ltd. v. Stauffer Chem. Co., 898 F.2d 946, 949 (3d Cir. 1990). The burden is on the moving party to demonstrate that the evidence creates no genuine issue of material fact. Chipollini v. Spencer Gifts, Inc., 814 F.2d 893, 896 (3d Cir. 1987). The dispute is genuine if the evidence is such that a reasonable jury could return a verdict for the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A fact is material when it might affect the outcome of the suit under the governing law. Id. Where the non-moving party will bear the burden of proof at trial, the party moving for summary

judgment may meet its burden by showing that the evidentiary materials of record, if reduced to admissible evidence, would be insufficient to carry the non-movant's burden of proof at trial. Celotex, 477 U.S. at 322. Once the moving party satisfies its burden, the burden shifts to the non-moving party, who must go beyond its pleadings, and designate specific facts by the use of affidavits, depositions, admissions, or answers to interrogatories showing that there is a genuine issue for trial. Id. at 324. Summary judgment must therefore be granted "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." White v. Westinghouse Elec. Co., 862 F.2d 56, 59 (3d Cir. 1988) (quoting Celotex, 477 U.S. at 322).

### B. Minimum Employee Requirement - Title VII

The sole issue before me is whether MTR had the minimum number of employees required to be subject to liability under Title VII during the time period relevant to Plaintiff's Complaint. Title VII applies only to employers who have "fifteen or more employees for each working day in each of twenty or more calendar weeks" during the calendar year in which the cause of action arose or in the preceding calendar year. 42 U.S.C. § 2000e(b). This requirement is not jurisdictional, but is a substantive element of Plaintiff's claim on its merits. Arbaugh v. Y&H Corp., 546 U.S. 500, 504 (2006); Nesbit v. Gears Unlimited, Inc., 347 F.3d 72, 83 (3d Cir. 2003). Here, the parties agree that Plaintiff's cause of action arose when Plaintiff was discharged in May 2004. Therefore, MTR cannot be liable under Title VII unless Plaintiff can show that MTR had at least fifteen employees for each working day in each of twenty or more calendar weeks during 2003 or 2004.

In Walters v. Metropolitan Educational Enterprises, Inc., 519 U.S. 202 (1997), the Supreme Court endorsed the "payroll method" of calculating the number of employees within the meaning of Title VII. Under the payroll method, the touchstone is "whether the employer has employment relationships with 15 or more individuals for each working day in 20 or more weeks during the year

in question." Id. at 212. The test is called the "payroll method" because "the employment relationship is most readily demonstrated by the individual's appearance on the employer's payroll." Id. at 206.[2] Appearance on the payroll, however, is not dispositive. Rather, the ultimate criterion is the existence of an employment relationship. Thus, an individual who appears on the payroll, but who is not an "employee" under traditional principles of agency law, would not count toward the 15-employee minimum. Id. at 211-12; see also Clackamas Gastroenterology Assocs., P.C., 538 U.S. 440, 445 (2003) (when undefined by statute, courts look to common-law principles regarding agency and the master-servant relationship to determine whether an individual is an employee).

Here, Defendant submits two primary pieces of evidence to show that MTR did not employ fifteen or more people for twenty or more weeks during either of the years in question. First, Defendant submits printouts of MTR's biweekly payroll records for calendar years 2003 and 2004 as prepared by MTR's independent third party payroll service, ADP. See Def.'s App'x (Docket No. 15), Exs. 3-4. Second, Defendant provides the 24-paragraph affidavit of MTR's President, Andrew Contrael, explaining the payroll records and stating, inter alia, that there were no calendar weeks in 2003 and only one calendar week in 2004 in which MTR had fifteen or more employees for each working day. See id., Ex. 2. Mr. Contrael's affidavit also explains why certain individuals appearing on the "employee list" portion of the payroll records (as opposed to the payroll register) were not employees within the meaning of 42 U.S.C. § 2000e(b) and, therefore, do not count toward the fifteen-employee threshold.[3] See id. ¶¶ 11-24.

---

[2] The test is not whether an employer is actually compensating an individual on a given day. Walters, 519 U.S. at 211. Rather, "all one needs to know about a given employee for a given year is whether the employee started or ended employment during that year and, if so, when. He is counted as an employee for each working day after arrival and before departure." Id.

[3] Among other things, there is no evidence contradicting Mr. Contrael's statement in his affidavit that certain persons on the employee lists were individuals who no longer had an employment relationship with MTR, but whose names were inadvertently left on the list. Contrael Aff. ¶ 11-24. This explanation is supported by the fact that Plaintiff's name continued to appear on the "employee lists" (as opposed to the payroll register) throughout 2004, even though both parties agree that her employment relationship with MTR ended in May 2004.

5

In contrast, the only "evidence" Plaintiff submits in support of her motion for summary judgment is a short affidavit stating that one of her job responsibilities during 2003 and 2004 was to review the payroll and, "on occasion," to call in the payroll to ADP, and that "to the best of [her] recollection" there were "at least seventeen" individuals carried on the payroll. Plaintiff's affidavit then lists the names of these seventeen individuals, without elaboration. Significantly, Plaintiff does not indicate the specific weeks during which these individuals worked for Defendant or the duration of their employment despite the fact that such information is critical to the section 2000e(b) analysis. In addition, Plaintiff does not provide any evidence or argument whatsoever challenging Mr. Contrael's affidavit or MTR's payroll records showing, inter alia, that a number of the individuals listed on Plaintiff's affidavit only worked for MTR for a portion of 2003 and/or 2004, or not at all.[4]

After careful consideration, I find that the record evidence is insufficient either to secure summary judgment in Plaintiff's favor or for Plaintiff to survive Defendant's motion for summary judgment on the employee-numerosity issue. Courts analyzing similar evidence have found that bare-bones affidavits such as Plaintiff's are simply too vague to establish a genuine issue of fact regarding Title VII's fifteen-employee requirement. See, e.g., Wilson v. Comtrust LLC, 249 F. Supp. 2d 993, 997 (N.D. Ill. 2003); Takacs v. Fiore, 473 F. Supp. 2d 647, 654 (D. Md. 2007). I agree. Plaintiff's failure to make any further attempt to support her claim or to rebut Defendant's evidence that MTR did not employee fifteen or more individuals for the requisite time period, despite having had ample opportunity to do so, is fatal to her case.[5]

---

[4] Indeed, Plaintiff lists herself as an 2003-2004 employee even though her employment relationship with MTR undisputedly ended in May 2004. Plaintiff's termination date also makes it difficult to understand how she has any personal knowledge as to whom MTR employed after May 7, 2004. Simply listing names of individuals who may have worked for MTR at some point in 2003 and/or 2004 is insufficient to create an issue of fact as to whether MTR employed 15 or more of those individuals for each working day in each of 20 or more workweeks during one or both of those years.

[5] In addition to the lack of record evidence, Plaintiff has not provided any meaningful argument on this issue. Plaintiff's two-and-a-half page Memorandum in Support of her Motion for Summary Judgment (the sole brief she filed) contains only two short paragraphs of argument. See Docket No. 25. Moreover, all but two sentences of that argument focus on whether or not four shareholders of MTR should be

### C. Supplemental Jurisdiction - PHRA Claim

Plaintiff's only remaining claim, her PHRA claim, is grounded in state law. In light of the fact that I have dismissed the Title VII claims over which I had original jurisdiction, I decline to exercise supplemental jurisdiction over the remaining state law claim. 28 U.S.C. § 1367(c)(3). Accordingly, I dismiss said claim pursuant to 28 U.S.C. § 1367(c)(3), albeit without prejudice to Plaintiff's ability to refile her PHRA claim in state court. The dismissal of Plaintiff's PHRA claim without prejudice should not work to Plaintiff's disadvantage. Section 1367(d) provides for at least a 30-day tolling of any applicable statute of limitation so as to allow Plaintiff to refile her state law claim in state court.

### III. CONCLUSION

For all of these reasons, I find that the evidence of record, even when viewed in the light most favorable to the non-moving party, is insufficient for a reasonable jury to conclude that Defendant employed fifteen or more employees for each working day in each of twenty or more calendar weeks during 2003 or 2004. Accordingly, Defendant's Motion for Summary Judgment is granted with respect to Plaintiff's Title VII claims. I also dismiss Plaintiff's PHRA claim without prejudice pursuant to 28 U.S.C. § 1367. Plaintiff's Motion for Summary Judgment is denied.

### ORDER OF COURT

AND NOW, this 6th day of February, 2008, after careful consideration of the submissions of the parties and for the reasons set forth in the Opinion accompanying this Order, it is ordered that Plaintiff's Motion for Summary Judgment (Docket No. 26) is denied. It is further ordered that Defendant's Motion for Summary Judgment (Docket No. 14) is granted as to Count One of

---

considered "employees" or "employers" for purposes of calculating the total number of employees in 2003 and 2004. Id. at 2-3. The shareholder issue is immaterial, however, since Defendant assumes for summary judgment purposes that the four shareholders were MTR employees. Def.'s St. Mat. Facts (Docket No. 17) ¶ 8; Def.'s Mem. Supp. (Docket No. 18) at 3; Def.'s Mem. Opp. (Docket No. 28) at 4-5.

Plaintiff's Complaint (violation of Title VII).  It is further ordered that Plaintiff's state law claim (Count Two, violation of the PHRA) is dismissed without prejudice for lack of jurisdiction pursuant to 28 U.S.C. § 1367.

      The Clerk of Courts is hereby directed to mark this case "CLOSED" *forthwith*.

                                              **BY THE COURT:**

                                        /s/ Donetta W. Ambrose
                                        Donetta W. Ambrose,
                                        Chief U.S. District Judge